UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

v.

JASON HARRY BISHOP,

               Defendant.

_____/

No. 2:18-CR-34-01

HON. ROBERT J. JONKER
Chief United States District Judge

## GOVERNMENT'S SENTENCING MEMORANDUM

The Government provides this sentencing memorandum to respond to the Guideline objections raised in Defendant's sentencing memorandum (ECF No. 19) and address the issues raised in the Court's Notice (ECF No. 22).

**I.     The PSR properly applies a five-level enhancement in this case because Bishop engaged in a pattern of activity of sexually abusing minors.**

Bishop first objects to the application U.S.S.G. § 2G2.2(b)(5).  Bishop appears to base this objection on an argument that his prior conduct does not constitute at least two instances of prohibited sexual conduct under the Guidelines.  It does.

§ 2G2.2(b)(5) applies if the defendant engaged in attempted sexual abuse of a minor on at least two prior occasions.  § 2G2.2(b)(5) provides for a five-level enhancement "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor."  The commentary to the Guideline defines such a "pattern of activity" as "two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation… resulted in a

conviction for such conduct." *Id.* at Cmt. 1.  The commentary then defines "sexual abuse or exploitation" as, among other offenses, "an offense under state law that would have been an offense under [18 U.S.C. § 2243] if the offense had occurred within the special maritime or territorial jurisdiction of the United States", including an attempt.  *Id.* Accordingly, to establish a violation of 18 U.S.C. § 2243(a) sufficient to meet the Guideline,[1] the Government must establish a defendant knowingly attempted to "engage[] in a sexual act with another person who (1) has attained the age of 12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging."[2]  Fellatio and anal sex both constitute a sexual act under this statute.  18 U.S.C. § 2246(2)(A)-(B) ("the term 'sexual act' means contact between… the penis and the anus… [and] contact between the mouth and the penis").

In soliciting 13, 14, and 15-year-old boys to engage in fellatio, Bishop engaged in attempted sexual abuse of minors on three separate occasions.  In 1994, Bishop (then 28) attempted to engage in fellatio with a 15-year-old boy.  (PSR ¶ 59.)  In 2001, Bishop (then 35) attempted to engage in fellatio with a 13-year-old boy.  (PSR ¶ 65.)  In 2010, Bishop (then 44) attempted to engage in oral and anal sex with a 14-year-old boy.  (PSR ¶ 67.) Each of these attempts would have constituted a violation of 18 U.S.C. § 2243(a) had it been completed in the special maritime or territorial jurisdiction of the United States.

---

[1] As noted above, the Guidelines remove the statutory requirement that the defendant commit the offense in the special maritime and territorial jurisdiction of the United States.

[2] The Government need not establish the defendant knew the victim's age.  *United States v. Wilcox*, 497 F.3d 1163, 1174 (collecting cases).

Accordingly, each attempt constitutes sexual abuse or exploitation of a minor under U.S.S.G. § 2G2.2(b)(5).

## II.   The PSR properly applies the two-level enhancement in this case because Bishop transported child pornography by computer.

Bishop next objects to the application U.S.S.G. § 2G2.2(b)(6) on the basis that the "provision has become an anachronism through the passage of time" because defendants commonly use computers to possess child pornography.  (Def. Sent. Mem. p. 5.)  Bishop appears to concede that the enhancement applies on the facts of this case and asks the Court to ignore the Guidelines.

The Sixth Circuit recently affirmed this Court's application of the computer enhancement in the face of nearly this same objection.  In *United States v. Young*, the defense raised nearly the same objection raised here, the Court overruled that objection, and the Sixth Circuit affirmed.  No. 17-2399, 2018 WL 5309907, at *3 (6th Cir. Oct. 26, 2018).  The Court should do the same here.

## III.   The Court properly raises this may be a case in which an upward departure in criminal history is appropriate.

U.S.S.G. § 4A1.3(a)(1) allows the Court to depart upward if the defendant poses a significant risk of recidivism.  Among those factors the Court may consider are prior similar adult criminal conduct not resulting in a conviction.  *Id.* at § 4A1.3(a)(2)(E).

Bishop has not ceased his attempts to engage in sexual activity with minors despite multiple prior convictions for engaging in such activity.  As noted above, Bishop has solicited sexual activity with minors under 16 at least three times.  While in county prison on charges related to this offense, Bishop again solicited sexual activity from a minor.

(PSR ¶¶ 9-11.)  While that minor was 17, Bishop's actions indicate an upward departure in criminal history may be necessary to adequately deter him.  Indeed, solicited sexual activity from a minor while in prison for transporting child pornography.

## CONCLUSION

The United States respectfully requests the Court overrule Bishop's objections to the presentence report and depart upward to account for Bishop's risk of recidivism.

Date: February 1, 2019                    Respectfully Submitted,

                                          ANDREW BYERLY BIRGE
                                          United States Attorney


                                          /s/ Davin M. Reust
                                          DAVIN M. REUST
                                          Assistant United States Attorney